UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Brian Bilodeau, | ) | C/A No. 8:24-cv-5116-BHH-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden of FCI Estill, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Brian Bilodeau ("Petitioner") is a prisoner in the custody of the Federal Bureau of Prisons ("BOP").[1] Proceeding *pro se*, Petitioner filed this action under 28 U.S.C. § 2241, seeking a petition for writ of habeas corpus.[2] ECF Nos. 1; 1-3. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district court. For the reasons below, the Petition filed in this matter is subject to summary dismissal.

---

[1] When Petitioner commenced this action, he was incarcerated in South Carolina at the Estill Federal Correctional Institution ("Estill FCI"). ECF No. 1 at 2. The Court has been notified that Petitioner was transferred to the Talladega Federal Correctional Institution ("Talladega FCI") in Alabama due to Hurricane Helene. ECF No. 10 (court only entry). Petitioner has not provided the Court with an updated address at this time, and it is unclear to the Court how long Petitioner will remain in Talladega FCI or whether he will ever return to Estill FCI. Accordingly, the Clerk of Court is directed to mail a copy of this Report and Recommendation to Petitioner at both Estill FCI and Talladega FCI.

[2] Petitioner commenced this action by filing a typed document that was not consistent with the standard form. ECF No. 1. In response to this Court's Order dated September 23, 2024, Petitioner filed a petition on the standard form. ECF No. 1-3. The Court considers both documents together as the Petition filed in this matter.

1

## **BACKGROUND**

Petitioner brings this action seeking to compel the BOP to apply First Step Act ("FSA") credits to his sentence.³ ECF No. 1; 1-3. Petitioner alleges he was sentenced on April 26, 2023, in the United States District Court for the District of Maine, at case number 2:22-cr-125, to a term of 50 months' imprisonment as to each of three counts, with each term to be served concurrently. ECF Nos. 1 at 2; 1-3 at 1. His term of imprisonment is to be followed by a 3-year term of supervised release. ECF No. 1 at 2. Petitioner contends he is entitled to credits under the FSA. *Id.* He asserts that, if his credits were applied, he would be eligible for Residential Reentry Center ("RRC") placement. *Id.* He alleges that he has not, however, received the credits he has earned under the FSA. ECF No. 1-3 at 2. Petitioner asserts a single ground in support of his claim, provided substantially verbatim as follows:

> **GROUND ONE**: I contend that my sentence is now incorrectly calculated after the implementation of the [FSA].
>
> ***Supporting Facts***: Under the guidance of the [FSA], the first 365 days earned time credit is directly applied to the end of my sentence. The remaining credits I have earned are to be applied to RRC, which is halfway house and home confinement, under the credit I have earned I should be eligible for RRC placement at this time.

---

³ The FSA initiated a system that allows eligible prisoners to earn time credits for successfully completing "evidence-based recidivism reduction programming." 18 U.S.C. § 3632(d)(4)(A). Specifically, a prisoner will "earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). Additionally, a prisoner, who is determined "to be at a minimum or low risk for recidivating," may "earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities," if he has not increased his risk of recidivism over two consecutive assessments. 18 U.S.C. § 3632(d)(4)(A)(ii).

*Id*. at 6. For his relief, Petitioner seeks an order from the Court directing the BOP to apply his earned time credits, adjust his RRC accordingly, and plan for his reentry into society on November 1, 2024. ECF Nos. 1 at 8; 1-3 at 7.

## APPLICABLE LAW

**Liberal Construction of *Pro Se* Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Habeas Corpus**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method

to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004).

A petitioner may bring a petition for a writ of habeas corpus under § 2241 if he is "attack[ing] the computation and execution of the sentence rather than the sentence itself." *U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *Diaz v. Warden, FCI Edgefield*, C/A No. 4:17-cv-00093-RBH, 2017 WL 2985974, at *2 (D.S.C. July 13, 2017) (noting a § 2241 petition "is the proper means for a federal prisoner to challenge the BOP's sentencing calculations"). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court." *Miller*, 871 F.2d at 490.

This Court is charged with screening the Petition filed in this case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## DISCUSSION

Petitioner brings this action to challenge the BOP's calculation of his sentence, and he asks this Court to award FSA credits. However, Petitioner is required to exhaust his administrative remedies within the BOP before submitting his § 2241 Petition in this case. Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must

4

exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice.") (citations omitted). The requirement of exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). "Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte." *Ali v. Roane*, C/A No. 5:22-cv-297, 2023 WL 415801, at *2 (N.D.W. Va. Jan. 5, 2023), *R&R adopted by* 2023 WL 415798 (N.D.W. Va. Jan. 25, 2023).

The BOP has a four-step administrative grievance process, including an informal resolution process. *See* 28 C.F.R. §§ 542.10 *et seq.*; BOP Program Statement 1330.18, Administrative Remedy Program. An inmate may complain about any aspect of his confinement by first seeking to resolve the matter informally at the institution. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden within twenty calendar days after the condition at issue arose. 28 C.F.R. § 542.14. The matter is investigated, and the inmate then receives a written response. *See id.* If dissatisfied with that response, the inmate may appeal to the Regional Director within twenty days. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the Central Office within thirty days. *Id.* An appeal to the Central Office is the final level of agency review. *Id.* Thus, a claim has not been administratively exhausted until it has been filed with the Central Office. *See id.* If, during this process, the inmate does not receive a response to his form in the allotted time frame, including any extensions, the inmate may consider his request denied and appeal to the next level. 28 C.F.R. § 542.18.

It is clear from the face of the Petition that Petitioner did not exhaust his administrative remedies. ECF No. 1-3 at 2–5 (all questions regarding exhaustion of administrative remedies answered "No"). Instead, Petitioner asserts that administrative remedies are not necessary in habeas motions for FSA credit and that he should be "free to proceed on the merits" without exhausting his administrative remedies. ECF No. 1 at 2–3.

Petitioner's contentions are without merit. Courts have consistently concluded that exhaustion of available administrative remedies is required prior to bringing a § 2241 petition to challenge the application of credits under the FSA. *See, e.g., Wright v. Warden of Edgefield FCI*, C/A No. 8:21-cv-0388-JD-JDA, 2021 WL 2270011, at *4 (D.S.C. Mar. 31, 2021), *R&R adopted by* 2021 WL 2269960 (D.S.C. June 2, 2021); *Pratt v. Adams*, C/A No. 3:20-cv-186, 2020 WL 7502488, at *3 (N.D.W. Va. Sept. 28, 2020) (dismissing case for failure to exhaust where "[t]he petition clearly states that Petitioner did not exhaust available administrative remedies"), *R&R adopted by* 2020 WL 7495599 (N.D.W. Va. Dec. 21, 2020); *Brown v. Warden of FCI Williamsburg*, C/A No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *1 (D.S.C. Mar. 25, 2019), *R&R adopted by* 2019 WL 1773382 (D.S.C. Apr. 23, 2019).

"[E]xhaustion of remedies within the BOP would allow Petitioner to build a record and give the BOP the opportunity to give a reasoned decision that Petitioner could then challenge in court, if necessary." *Roy v. FCI Bennettsville's Warden, Joseph*, C/A No. 2:23-cv-01778-MGL-MGB, 2023 WL 8194679, at *4 (D.S.C. Sept. 14, 2023), *R&R adopted by* 2023 WL 8189331 (D.S.C. Nov. 27, 2023). This is precisely the type of case which requires a fully developed administrative record so that the Court may properly evaluate the BOP's calculation of time to be credited to Petitioner's sentence under the FSA. *See Mero v. Phelps*, C/A No. 4:20-cv-3615-MGL-TER, 2020 WL 7774378, at *2 (D.S.C. Nov. 2, 2020) ("The BOP should be afforded the

opportunity to correct any alleged errors, to develop its factual record, and apply its expertise to the situation."), *R&R adopted by* 2020 WL 7769784 (D.S.C. Dec. 30, 2020). Petitioner has failed to demonstrate any cause or prejudice suggesting the exhaustion requirement should be waived and has not explained why exhaustion would be futile. Therefore, because Petitioner has not exhausted his administrative remedies, the Petition should be dismissed. *See Rodgers v. Glenn*, C/A No. 1:16-cv-16-RMG, 2017 WL 1051011, at *3 (D.S.C. Mar. 20, 2017) ("Because [Petitioner] admits he did not [exhaust his administrative remedies], his lawsuit is barred by statute."); *Toussaint v. Knight*, C/A No. 6:21-cv-00764-HMH-KFM, 2021 WL 2635887, at *4 (D.S.C. June 4, 2021) ("[B]ecause the petitioner has not exhausted his administrative remedies, the instant matter [challenging the BOP's application of FSA credits] should be dismissed."), *R&R adopted by* 2021 WL 2635479 (D.S.C. June 25, 2021).

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is recommended that the Petition be DISMISSED without prejudice and without requiring Respondent to file an answer or return.

IT IS SO RECOMMENDED.

s/William S. Brown
United States Magistrate Judge

October 21, 2024
Greenville, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).