IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Bilodeau, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 8:24-cv-5116-BHH |
| v. ) | |
| ) | |
| Warden of FCI Estill, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Petitioner Brian Bilodeau's ("Petitioner") *pro se* petition filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 18 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On October 21, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining Petitioner's challenge to the calculation of his sentence and finding that it is clear from the face of Petitioner's petition that he failed to exhaust his administrative remedies. Accordingly, the Magistrate Judge recommends that the Court dismiss this matter without prejudice and without requiring Respondent to file a return. (ECF No. 13.) *See also Rodgers v. Glenn*, No. 1:16-cv-16-RMG, 2017 WL 1051011, at *3 (D.S.C. Mar. 20, 2017) ("Because [Petitioner] admits he did not [exhaust his administrative remedies], his lawsuit is barred by statute."); *Toussaint v. Knight*, No. 6:21-cv-00764-HMH-KFM, 2021 WL 2635887, at *4 (D.S.C. June 4, 2021) ("[B]ecause the petitioner has not exhausted his administrative remedies, the instant matter [challenging the BOP's application of FSA credits] should be dismissed."), *R&R adopted by* 2021 WL 2635479 (D.S.C. June 25, 2021).

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 13), and the Court summarily dismisses this petition without prejudice and without requiring Respondent to file a return.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 19, 2024
Charleston, South Carolina